[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12244

Non-Argument Calendar

_____

SATTORJON BAROTOV,

                                                            Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A209-389-829

_____

Before JORDAN, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Sattorjon Barotov, a native and citizen of Uzbekistan, seeks review of a decision of the Board of Immigration Appeals (BIA) denying his motion for reconsideration of its previous final order of removal.  The Government, in turn, moves for summary disposition, asserting we should dismiss his petition in part and deny it in part.

## I.  BACKGROUND

Barotov applied for admission to the United States in 2016. The Department of Homeland Security (DHS) later issued him a notice to appear, charging him with being removable under 8 U.S.C. § 1181(a).  Barotov, proceeding *pro se*, then applied for asylum and withholding of removal, and relief under the United Nations Convention Against Torture or Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment, (CAT), 8 C.F.R. § 1208.16(c).  An Immigration Judge (IJ) denied his applications after a hearing, however, finding he did not suffer past persecution and did not have a well-founded fear of future persecution based on his ethnicity or political opinion.

Barotov administratively appealed that decision, but the BIA dismissed his appeal in 2021.  Barotov did not seek judicial review of that decision.  Instead, Barotov later filed a motion for reconsideration with the BIA.  In support, he requested the BIA reconsider

the dismissal of his appeal, grant him relief, or remand the case to the IJ for further proceedings.

In 2022, the BIA denied Barotov's motion for reconsideration in a second written opinion. The BIA found Barotov had merely raised the same or similar arguments he raised in his prior brief on appeal, which it had found unpersuasive during the initial appeal. Accordingly, it found Barotov had not identified a basis for reconsideration. It also concluded its prior opinion had fully considered Barotov's arguments and correctly concluded he was not eligible for the relief he sought. It found Barotov had not argued or demonstrated a review of his appeal by a three-member panel of the BIA was appropriate. It also noted it had found Barotov's CAT claim waived in his initial appeal, and Barotov had not argued it had erroneously considered that issue to have been waived, so the CAT claim was not before it.

Barotov timely filed a petition for review of the BIA's June 2022 order. In his petition for review, Barotov asserts the BIA erred in finding, in connection with his original proceeding, that he did not suffer past persecution and did not have a well-founded fear of future persecution based on his ethnicity or political opinion. This prompted the Government to move for summary disposition.

## II.  DISCUSSION

### A.  BIA's 2021 Decision

"[T]o seek judicial review of [a prior BIA] order, [a petitioner] must have filed a petition with [this] Court within 30 days

of the issuance of that order." *Gaksakuman v. U.S. Att'y Gen.*, 767 F.3d 1164, 1168 (11th Cir. 2014) (citing 8 U.S.C. § 1252(b)(1)). A statutory provision that specifies the timing of judicial review for immigration proceedings is jurisdictional, and not subject to equitable tolling. *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995). "[T]he filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case." 8 C.F.R. § 1003.2(f). In addition, "the filing of the reconsideration motion does not toll the time to petition for review." *Stone*, 514 U.S. at 395.

As an initial matter, to the extent Barotov seeks to challenge the BIA's 2021 decision and final order of removal directly, we lack jurisdiction.[1] *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 870 (11th Cir. 2018) (stating we lack jurisdiction to "review earlier trips through immigration proceedings"). "[T]o seek judicial review of [that] order," Barotov was required to "have filed a petition with [this] Court within 30 days of the issuance of that order," but he did not do so. *Gaksakuman*, 767 F.3d at 1168. Thus, we dismiss his petition in this respect.

---

[1] We review *de novo* our subject matter jurisdiction over a petition for review. *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015).

22-12244                Opinion of the Court                5

## B.  Denial of Motion to Reconsider[2]

A non-citizen may move to reconsider a decision that the alien is removable from the United States.  8 U.S.C. § 1229a(c)(6).  The motion must be filed within 30 days of the entry of the final order of removal, and "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."  8 U.S.C. § 1229a(c)(6)(B), (C).  "However, [a] motion that merely re-publishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind," and "[t]herefore, merely reiterating arguments previously presented to the BIA does not constitute specifying . . . errors of fact or law as required for a successful motion to reconsider."  *Calle v. U.S. Att'y Gen.,*  504 F.3d 1324, 1329 (11th Cir. 2007) (quoting C.F.R. § 1003.2(b)(1)).

First, because Barotov asserts in his brief, without argument, that the BIA erred in failing to assign his case for review by a three-member panel, his "passing references" constitute an abandonment of the point.[3]  *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138,

---

[2] "We review the BIA's denial of a motion to reconsider for abuse of discretion."  *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003).

[3] Even if we were to consider the issue preserved, the BIA did not err.  "Under the regulations, a case 'may' be assigned for review by a three-member panel but only under certain, limited circumstances."  *Mutua v. U.S. Att'y Gen.*, 22 F.4th 963, 970 (11th Cir. 2022) (quoting 8 C.F.R. § 1003.1(e)(6)).  Those circumstances include, among other things, the need to "review a decision by an [IJ] or DHS that is not in conformity with the law or with applicable

1145 (11th Cir. 2010) (explaining when a petitioner fails to offer argument on an issue, or only makes a passing reference to the issue, that issue is deemed abandoned).

Second, while Barotov mentions his CAT claim in portions of his brief, he does not argue how or why the BIA erred in finding that claim waived. *See Lapaix*, 605 F.3d at 1145. In any event, because he did not argue in his motion for reconsideration the BIA had erred in this respect in its 2021 decision, the BIA did not act arbitrarily or capriciously in finding that claim was outside the scope of his motion to reconsider. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009) (stating under abuse of discretion review, we only determine whether the BIA exercised its discretion arbitrarily or capriciously).

Third, Barotov has abandoned any challenge to the BIA's conclusion that his motion for reconsideration failed because he failed to raise any new arguments from his initial administrative appeal. Even if we were to consider such a challenge preserved, however, we conclude the BIA did not abuse its discretion in finding Barotov did not set forth a basis for granting reconsideration,

---

precedents"; to "resolve a complex, novel, unusual, or recurring issue of law or fact"; or to "review a clearly erroneous factual determination by an [IJ]." 8 C.F.R. §§ 1003.1(e)(6)(iii), (v), (vii). However, even under those circumstances, the decision to assign a case for review by a three-member panel is discretionary. *See id.* § 1003.1(e)(6) ("Cases *may* only be assigned for review by a three-member panel if . . .") (emphasis added). Barotov has not shown that such an assignment was proper under the regulations and the BIA's decision in this respect was discretionary.

in part because his motion "merely republishe[d] the reasons that had failed to convince the [BIA] in the first place," and the BIA did not err in concluding it did not present any "errors of fact or law as required for a successful motion to reconsider." *Calle,* 504 F.3d at 1329 (quoting C.F.R. § 1003.2(b)(1)).

For these reasons, the Government's position is clearly correct as a matter of law, and we therefore **GRANT** the government's motion for summary disposition. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969)[4] (stating summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case"). Barotov's petition is **DISMISSED IN PART** and **DENIED IN PART**.[5]

---

[4] Decisions of the United States Court of Appeals for the Fifth Circuit issued prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

[5] We **DENY** the government's motion to stay the briefing schedule as moot.